EDISON SECURITIES CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 52662. Promulgated October 21, 1936.

*James O. Wynn, Esq.*, and *C. J. McGuire, Esq.*, for the petitioner.
*James D. Head, Esq.*, and *Hugh R. Dowling, Esq.*, for the respondent.

OPINION.

The earlier opinion proceeded upon the view that the plan of statutory reorganization which was ultimately carried through first became definitive on February 4, 1926, when the formal corporate

resolution of the directors of Republic was adopted, there being inadequate evidence in the record as then made to establish that the plan was authoritatively adopted at an earlier date. The Circuit Court of Appeals, however, recognizing that the second transaction was so near in point of time and so similar in purpose to the third that there was ground for entertaining the belief that it too was a part of the plan of ultimate reorganization, remanded the proceeding for an ascertainment of the facts, in order that an accurate determination in this respect could be made. Thereupon the parties presented a detailed stipulation of facts showing the evidence to be found in the corporate books and records, and the petitioner supplemented this stipulation with the oral testimony of one of the men who participated in the series of conferences. From this evidence, it is unmistakable that the agreement to carry out the statutory reorganization which was ultimately consummated was reached on January 29, although not formally expressed in corporate resolution until February 4. The exchange of February 3 was not made, as the Commissioner contends, as an added step in the earlier negotiations of 1925, but was only made because on January 29 the authorized representatives of all parties had reached such an agreement as provided satisfactorily for the rights of the preferred shareholders represented by Eastman, Dillon & Co., together with other details which had theretofore not been provided for. Thus the transaction of February 3 stands in the same case as the later transactions which have heretofore been held to be part of a plan of statutory reorganization.

It results that the exchange on February 3 by petitioner of 5,753 shares of Republic common for 11,506 shares of Penn-Ohio common and $143,825 of Penn-Ohio bonds was a transaction pursuant to a plan of reorganization within the meaning of the statute, and is not to be treated as a nonreorganization exchange as held in the prior opinion of the Board.

In its opinion, the court required that the liquidation dividend of $7,500 in 1926 and the net loss of $51,950.73 in 1925 should be properly considered. These have been covered by a stipulation of the parties that the petitioner is entitled to no such net loss deduction and that the distribution of $7,500 is not to be included in petitioner's 1926 income. In accordance with this stipulation and with the holding of the Board upon the matter in issue,

*Judgment will be entered under Rule 50.*